IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO BERNARD GONZALES,

Plaintiff,

v.

COURTNEY SCHMIDT, SHANE LLOYD, and CHONG XIONG,

Defendants.

OPINION AND ORDER

25-cv-340-wmc

Plaintiff Antonio Bernard Gonzales, who is representing himself while in state prison, was granted leave to proceed with Eighth Amendment claims against three prison employees for allegedly ignoring plaintiff when he banged his head while in an observation cell. (Dkt. #3.) Defendants have filed a motion for summary judgment on exhaustion grounds. (Dkt. #11.) Plaintiff did not file a timely response, but instead filed an untimely motion attempting to explain why he did not exhaust administrative remedies in compliance with prison procedures as required before filing suit. (Dkt. #17.) For reasons explained below, defendants' motion for summary judgment will be granted, plaintiff's motion will be denied, and this case will be dismissed without prejudice.

## BACKGROUND

At all times relevant to the complaint, plaintiff Antonio Bernard Gonzales was confined by the Wisconsin Department of Corrections ("DOC") at Columbia Correctional Institution ("CCI"). The defendants are Dr. Courtney Schmidt, Lieutenant Shane Lloyd, and Correctional Officer Chong Xiong. Gonzales alleges that on April 4, 2025, the defendants witnessed him banging his head while in an observation cell, but did nothing about it. Gonzales appears to claim that Dr. Schmidt should have changed his observation status and placed him in "bed

restraints." The court liberally construed his sparse allegations, as it was required to do at screening, to assert a claim under the Eighth Amendment for deliberate indifference to his health and safety.

OPINION

The Prison Litigation Reform Act ("PLRA") bars a prisoner's civil action about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must follow all the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requires, at a minimum: (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement, which is mandatory, is designed to afford prison administrators an opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). A prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought . . . [to give] prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted). However, a prisoner's failure to exhaust is an affirmative defense, which defendants must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Defendants have met that burden here.

To exhaust administrative remedies for a civil rights claim, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code DOC Chapter 310, which has several steps. To begin, an inmate is required to at least attempt to resolve the issue by following a "designated process specific to the subject of the complaint." Wis. Admin. Code § DOC 310.07(1). If unsatisfied, the inmate must then file a complaint with the Institution Complaint Examiner ("ICE") within 14 days after the incident giving rise to the grievance. *Id*. at § DOC 310.07(2). After a complaint has been filed, the ICE may either accept, reject, or return the complaint. *Id*. at § DOC 310.10(2). Once the ICE accepts the complaint, the ICE makes a recommendation to the reviewing authority, who will either affirm or dismiss the complaint in whole or in part. *Id*. at § DOC 310.10(12), 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate who remains unsatisfied with the result must appeal the reviewing authority's decision to the Corrections Complaint Examiner ("CCE"). *Id*. at § DOC 310.12(1). The CCE then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. *Id*. at § DOC 310.12(9). The Secretary then has 45 days in which to make a decision following receipt of the CCE's recommendation. *Id*. at § DOC 310.13(1).

The Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs*., 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).

Here, defendants are entitled to summary judgment because plaintiff's administrative grievance records reflect that he did not file a complaint regarding the substance of his allegations against the defendants. (Davidson Decl. (dkt. #13) ¶10.) Plaintiff does not dispute that he failed to file a complaint within the 14-day deadline. (Dkt. #17.) Plaintiff explains that he could not do so because he was in an observation cell when the incident occurred. (*Id.*) However, records provided by defendants refute plaintiff's assertion. Specifically, plaintiff's Inmate Complaint History Report shows that plaintiff filed a grievance about a disciplinary matter the day before the alleged incident that forms the basis for his current complaint, undercutting plaintiff's allegation that he was unable to file complaints while in observation. (Davidson Decl. Ex. 1000 (dkt. #13-1) at 3.) In addition, plaintiff's complaint in this action is dated April 15, 2025, which is less than two weeks after the complained-of incident allegedly occurred on April 4, 2025. (Dkt. #1, at 5.) The fact that plaintiff was able to file the complaint in this case within the 14-day time limit for filing an administrative grievance further belies his claim that he was unable to file a timely grievance.

Plaintiff also alleges that he filed an inmate complaint *after* he filed this lawsuit after speaking with a sergeant and the warden. (Dkt. #17.) This allegation, which is vague as to the date he allegedly filed this late complaint, is unsupported and unhelpful. Plaintiff's Inmate Complaint History Report reflects that he filed a grievance in July 2025 and three more in September 2025, but none of those grievances concern his alleged claim. (Davidson Decl. Ex. 1000 (dkt. #13-1) at 3.) Plaintiff does not otherwise present any evidence that he actually filed a late grievance in an attempt to exhaust administrative remedies regarding the subject matter of his complaint. Even if he had, the PLRA requires inmates to fully exhaust their grievances by completing the exhaustion process *before* filing suit. *See Chambers v. Sood*, 956

F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies before filing suit; a 'sue first, exhaust later' approach is not acceptable.") (emphasis in original).

Because plaintiff has failed to raise a genuine issue of material fact on whether he exhausted administrative remedies as required, the court will grant defendants' motion for summary judgment and dismiss this case. Consistent with Seventh Circuit precedent, the court will dismiss plaintiff's claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment for failure to exhaust administrative remedies (dkt. #11) is GRANTED and plaintiff's motion (dkt. #17) is DENIED.

2) This action is DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

3) The clerk's office shall enter judgment accordingly and close this case.

Entered this 18th day of September, 2026.

BY THE COURT:

/s/

______________________________
WILLIAM M. CONLEY
District Judge